T.C. Memo. 1999-322


UNITED STATES TAX COURT


MARITIME GRAIN AND TRADING, LIMITED, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23181-97.               Filed September 24, 1999.


Mehdi Gerami (an officer), for petitioner.

Nancy C. McCurley, for respondent.


MEMORANDUM OPINION


CHIECHI, Judge:  Respondent determined the following deficiencies in, and accuracy-related penalties under section 6662(a)[1] on, petitioner's Federal income tax:

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

| Year | Deficiency | Accuracy-Related Penalty |
|------|------------|--------------------------|
| 1989 | $377,763 | $75,553 |
| 1990 | 428,261 | 85,652 |

We must decide whether respondent's determinations for each of the years at issue should be sustained.  We hold that they should.

This case was submitted fully stipulated.  The several facts that have been stipulated are so found.

Petitioner is a corporation organized under the laws of the United Kingdom.  At the time of the filing of the petition in this case, petitioner's mailing address was in Los Angeles, California.

Petitioner filed Form 1120F, U.S. Income Tax Return of a Foreign Corporation, for each of its taxable years 1989 (1989 Form 1120F) and 1990 (1990 Form 1120F)[2] and an amended Form 1120F for its taxable year 1990 (1990 amended Form 1120F).  In both its 1989 Form 1120F and its 1990 amended Form 1120F, petitioner listed its address and the location of its books and records as Los Angeles, California.

In completing its 1989 Form 1120F and its 1990 amended Form 1120F, petitioner was required to report items of income and expense either in section I of that form entitled "Certain Gains, Profits, and Income From U.S. Sources That Are NOT Effectively

---

[2]The record does not include petitioner's 1990 Form 1120F.

Connected With the Conduct of a Trade or Business in the U.S." or in section II of that form entitled "Income Effectively Connected With the Conduct of a Trade or Business in the U.S.". In both its 1989 Form 1120F and its 1990 amended Form 1120F, petitioner reported all of its items of income and expense in section II of Form 1120F and none of those items in section I of that form.

In the notice of deficiency (notice) issued to petitioner, respondent made adjustments with respect to certain of the items of income and expense that petitioner reported in section II of its 1989 Form 1120F and its 1990 amended Form 1120F. Respondent also determined in the notice that petitioner is liable for the accuracy-related penalty under section 6662(a) for each year at issue because of negligence or disregard of rules or regulations under section 6662(b)(1).

Petitioner bears the burden of proving that the determinations in the notice are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). That this case was submitted fully stipulated does not change that burden or the effect of a failure of proof. See Rule 122(b); Borchers v. Commissioner, 95 T.C. 82, 91 (1990), affd. 943 F.2d 22 (8th Cir. 1991).

In its brief, petitioner argues that it did not have income for the years at issue which was effectively connected with the conduct of a trade or business in the United States. It also

advances numerous arguments in support of its position that the determinations in the notice are erroneous.  However, the record is devoid of evidence that supports petitioner's arguments.

Based on our examination of the entire, albeit sparse, record before us, we find that petitioner has failed to satisfy its burden of showing error in any of respondent's determinations in the notice.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.